IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VHS WEST SUBURBAN MEDICAL CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 25 C 12921 |
| THE UNITED STATES OF AMERICA and PCC WELLNESS CENTER, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

VHS West Suburban Medical Center, Inc., d/b/a West Suburban Medical Center, sued the United States and PCC Wellness Center for contribution based on West Suburban's settlement of a state court medical malpractice case for $7.5 million. The United States has moved to dismiss. For the reasons stated below, the Court denies the motion to dismiss.

## Background

At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018).

West Suburban operates a hospital in Cook County. PCC Community Wellness Center is a community health center also operating in Cook County that received grant funding from the federal government. It appears that healthcare providers who were employed by PCC Community Wellness Center had admitting privileges at West

Suburban that allowed them to perform labor and delivery at the hospital.

On December 4, 2018, Sharda Clay filed a state-law medical malpractice lawsuit against West Suburban on behalf of her minor son, C.C., in the Circuit Court of Cook County. The case related to the labor and delivery of C.C. at West Suburban on May 26, 2012. In the state case, Ms. Clay disclosed medical experts who opined that C.C. is brain damaged and permanently disabled because of certain healthcare providers' negligent medical treatment during labor and delivery. The healthcare providers who cared for Ms. Clay and C.C. at West Suburban were employees of PCC Community Wellness Center.

On December 30, 2019, West Suburban filed a contribution action against PCC Community Wellness Center and the healthcare providers who were involved in Ms. Clay's labor and the delivery of C.C. On March 11, 2021, the government certified that the healthcare providers were employees of the United States for purposes of the Federal Tort Claims Act. On March 25, 2021, the United States removed the case to federal court and later moved to dismiss. On October 20, 2021, another judge in this district, Judge Robert Dow, granted the government's motion to dismiss without prejudice. *See Clay as next friend of C.C. v. VHS West Suburban Medical Center, Inc.*, No. 21 C 1634, 2021 WL 10362702 (N.D. Ill. Oct. 20, 2021). Judge Dow concluded that the claim was not yet ripe because there was no settlement or judgment against West Suburban. *Id*

On July 7, 2022, West Suburban settled the state action for $7.5 million. In February 2024, it filed an administrative claim with the Department of Health and Human Services seeking contribution from the government. HHS denied the

administrative claim, and West Suburban filed this lawsuit on October 22, 2025. West Suburban asserts one claim in which it seeks contribution under Illinois law.

The United States has moved to dismiss West Suburban's claim under Rule of Civil Procedure 12(b)(6).

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *NewSpin*, 910 F.3d at 299 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Id.* In ruling on a Rule 12(b)(6) motion to dismiss, a court is limited to assessing the allegations in the complaint, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information subject to proper judicial notice. *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 498 (7th Cir. 2025).

A plaintiff need not anticipate or refute potential affirmative defenses in his complaint. *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005). There is, however, "a narrow and pragmatic exception" to the general rule against Rule 12(b)(6) dismissals based on affirmative defenses, which applies in the rare situation when a plaintiff pleads himself out of court. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Relevant here, "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'"

*Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)).

West Suburban's claim is subject to the Federal Tort Claims Act. "In order to take advantage of the FTCA's 'limited waiver' of sovereign immunity, a claimant must present his claims to the appropriate agency within two years of the date that the claims accrue." *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (internal citation omitted). Additionally, "the FTCA's jurisdictional grant only covers 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011).

West Suburban brings its contribution claim under Illinois law. The government does not argue that West Suburban presented its claim to the appropriate agency more than two years after the date the claim accrued. Instead, it contends that West Suburban's contribution claim is barred by two Illinois statutes: (1) the medical malpractice statute of repose, and (2) the Joint Tortfeasor Contribution Act. The Court addresses each below.

A.      Statute of repose

The government first argues that the eight-year Illinois statute of repose that applies to medical malpractice injuries allegedly suffered by minors bars West Suburban's contribution claim. West Suburban responds that the statute is tolled because C.C. suffered from a legal disability at birth and remains legally disabled today. The government contends that C.C.'s legal disability is irrelevant. The Court concludes that the government's argument lacks merit.

4

Section 13-212 of the Illinois Code of Civil Procedure provides "both a statute of limitations and statute of repose" for medical malpractice actions. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). "Illinois courts have consistently construed the statute of repose in section 13-212 as a substantive limit on liability, not a procedural bar to suit." *Id.* Generally, a medical malpractice claim must be brought within four years after the alleged injury occurred. 735 ILCS 5/13-212(a). If the plaintiff is a minor at the time the alleged injury occurred, the claim must be brought within eight years after the date of the injury or four years after the plaintiff turns eighteen. 735 ILCS 5/13-212(b). If the plaintiff is under a legal disability at the time the cause of action accrued, the period of limitations does not begin to run until the disability is removed. 735 ILCS 5/13-212(c). Finally, if the plaintiff is not under a legal disability when the cause of action accrues but becomes under a disability before the period of limitations runs, the limitations period is stayed until the disability is removed. 735 ILCS 5/13-212(d).

Two Illinois Supreme Court cases are instructive. First, in *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 557 N.E.2d 873 (1990), the Illinois Supreme Court addressed whether the medical malpractice statute of repose applied to a third-party action for contribution. The court held that a contribution claim brought by an adult not suffering from a legal disability is subject to the four-year period of repose in section 13-212(a). *Id.* at 457, 557 N.E.2d at 876. The court explained that the Illinois legislature intended "to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability, whether then existing or not." *Id.* at 459, 557 N.E.2d at 877.

5

Then, in *Antunes v. Sookhakitch*, 146 Ill. 2d 477, 88 N.E.2d 1111 (1992), the Illinois Supreme Court went "beyond the holding of *Hayes*" to address the question of whether a contribution claim was subject to the four-year or eight-year statute of repose when the underlying plaintiff was a non-disabled minor. The court held that a medical center's third-party complaints for contribution against two physicians were governed by the eight-year statute of repose in section 13-212(b) because the underlying plaintiff was a minor. *Id.* at 486–87, 588 N.E.2d at 1115–16. This was true even though— obviously—the medical center was not a minor. *Id.* The court explained that the application of the four-year statute of repose, as proposed by the defendant in *Antunes*, would lead to an inequitable result because the medical center would be barred from filing a complaint for contribution before it was even named as a defendant in the underlying action. *Id.*

The parties have not cited—and the Court has not found—a case addressing the application of section 13-212 to a contribution claim brought by a medical center when the underlying plaintiff is a legally disabled minor. But *Hayes* and *Antunes* provide the answer to this question. *Hayes* addressed a contribution claim where the underlying plaintiff was neither a minor nor disabled; the four-year statute of repose in section 13-212(a) applied. *Antunes* addressed a claim where the underlying plaintiff was a minor but not disabled; the eight-year statute of repose in section 13-212(b) applied. In this case, the government does not dispute that the underlying plaintiff was a disabled minor. It follows that section 13-212(c) applies. The statute of repose for the contribution claim does not begin to run until the underlying plaintiff's disability is removed.

6

The government anticipated that West Suburban would be concerned that its argument for dismissal would mean that West Suburban would be left without a remedy because the 2019 contribution claim was filed too early but the present claim is filed too late. According to the government, this concern is irrelevant because the legislature established a statute of repose that must apply even if there is an inequitable result. But the legislature expressly tolled the limitations period for claims brought by individuals who suffer from a legal disability. The Illinois Supreme Court has interpreted the statute to apply to a contribution claim based on the status of the plaintiff in the underlying medical malpractice claim. The Court's conclusion that section 13-212(c) applies in this case is consistent with the plain language and the Illinois Supreme Court's interpretation of the statute.

The government argues that the person who is allegedly under a legal disability, C.C., is no longer entitled to bring this action because the FTCA requires that a claim must be presented in writing to the appropriate federal agency within two years of accrual. 28 U.S.C. § 2401(b). But the government does not explain why this point is relevant to its argument that the eight-year Illinois statute of repose for claims brought by minors applies to West Suburban's contribution claim. In the Court's view, any limitation on C.C.'s claim against the government has no bearing on how the Illinois medical malpractice statute of repose applies to West Suburban's contribution claim.

Finally, any concern that this would allow for limitless government liability is unfounded. The FTCA's statute of limitations applies to West Suburban's contribution claim. Thus, any party that seeks contribution from the government must do so within two years of the accrual of such liability.

The Court therefore concludes that West Suburban's complaint is not barred by the Illinois medical malpractice statute of repose.

**B.      Joint Tortfeasor Contribution Act**

The government also argues that West Suburban's contribution claim is barred by the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2(e), because the government's liability was not extinguished by the state court settlement.  The government contends that it was not a party to the case or the settlement, so West Suburban is not entitled to contribution from the government.  West Suburban responds that the settlement included a release of liability for all physicians, fellows, resident physicians, nurses and other healthcare personnel involved in the care and medical treatment provided to Ms. Clay and C.C.

The Illinois Joint Tortfeasor Contribution Act "provides that where two or more persons are 'subject to liability in tort arising out of the same injury to person or property . . . there is a right of contribution among them.'" *Equistar Chemicals, L.P. v. BMW Constructors, Inc.*, 353 Ill. App. 3d 593, 600, 817 N.E.2d 534, 540 (2004) (quoting 740 ILCS 100/2(a)).  Section 2(c) provides that a settlement release does not discharge other tortfeasors from liability unless its terms provide for such release.  *Id.*  Section 2(e) provides that a tortfeasor who settles with a claimant pursuant to section 2(c) "is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement."  740 ILCS 100/2(e).

The Illinois Supreme Court has explained that section 2(c) provides that a settlement release does not "discharge 'other tortfeasors' from liability unless they were designated by name or otherwise specifically identified."  *Alsup v. Firestone Tire &*

*Rubber Co.*, 101 Ill. 2d 196, 201, 461 N.E.2d 361, 364 (1984). Illinois courts have held that *Alsup* and similar cases "do not require that a release must actually name other tortfeasors in order for the release to discharge the other tortfeasors." *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414, 422, 688 N.E.2d 364, 370 (1997); *Cummings v. Beaton & Assoc., Inc.*, 249 Ill. App. 3d 287, 322–23, 618 N.E.2d 292, 313–14 (1992). Instead, "the designation of a class of persons in a release can satisfy the *Alsup* requirement of specific identification." *Polsky*, 293 Ill. App. 3d at 422, 688 N.E. at 370.

West Suburban's settlement with Ms. Clay and C.C. released "all physicians, fellows, resident physicians, nurses and other healthcare personnel involved in the care and medical treatment provided to" Ms. Clay and C.C. on the relevant dates from liability for C.C.'s injuries. Pl.'s Resp., Ex. A at 2. This language specifically identifies through class designations the healthcare personnel who treated C.C., who the government previously certified were federal employees. The United States could only incur liability for medical malpractice based on the actions of these federal employees. The Court therefore concludes that any liability that the United States may face from C.C. was, in fact, extinguished by the state court settlement.

Perhaps recognizing that its argument on this point would not be persuasive, the government asserted a new argument for the first time in its reply: that its liability could not be extinguished by the settlement because its liability was extinguished in 2014 based on the FTCA's two-year statute of limitations. To start, this argument is forfeited, at least, for purposes of the motion to dismiss because it was not made in the government's opening brief but rather was asserted for the first time in its reply. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) (A "district court is entitled to find

9

that an argument raised for the first time in a reply brief is forfeited.").

Even if the government had properly raised the argument, it would not support dismissal of West Suburban's claim. As discussed, the Illinois Joint Tortfeasor Contribution Act provides that a party who settles a claim is not entitled to recover for contribution from another tortfeasor whose liability is not extinguished by that settlement. This is a logical outcome; a party should not be liable to two other parties for the same injury. But West Suburban's settlement with Ms. Clay and C.C. specifically identified the healthcare personnel who may be liable for C.C.'s injuries. This was sufficient to extinguish the government's liability for purposes of section 2(e).

The government's argument that its liability was extinguished in 2014 does not impact the Court's conclusion. In this case, West Suburban asserts a contribution claim against the United States. Under the FTCA, a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years *after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). West Suburban's contribution claim—the claim the government seeks to dismiss—did not accrue until the settlement was entered in July 2022. It is not barred by the FTCA's statute of limitations.

In sum, the Court concludes that West Suburban's claim is not precluded by section 13-212 of the Illinois Code of Civil Procedure—the Illinois medical malpractice statute of repose—or section 2(e) of the Illinois Joint Tortfeasor Contribution Act.

10

**Conclusion**

For the reasons stated above, the Court denies the United States' motion to dismiss [dkt. no. 16]. The case remains set for a telephonic status hearing on June 26, 2026 at 8:55 AM, using call-in number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 25, 2026